Filed 4/17/13  P. v. Carrillo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D062337 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CF-3628) |
| LUIS F. PEREA CARRILLO, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Imperial County, William D. Lehman, Judge.  Affirmed.

Luis F. Perea Carrillo pleaded no contest to transportation of marijuana, in exchange for a grant of probation.  The trial court denied his motion to vacate the judgment.  His court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issue and affirm.

FACTUAL AND PROCEDURAL HISTORY

Carrillo immigrated to the United States as a minor and became a lawful permanent resident. In 1997, when Carrillo was 21 years old, Border Patrol agents conducted a traffic stop of the vehicle Carrillo was driving after seeing three other subjects place several bundles into the trunk of the vehicle. Carrillo was not the vehicle's registered owner. A search of the vehicle revealed four bundles containing about 96.65 pounds of marijuana. After waiving his *Miranda* rights (*Miranda v. Arizona* (1966) 384 U.S. 436), Carrillo told a Border Patrol agent that he agreed to pick up the marijuana and drive it back to a parking lot, where he would receive $200.

In 1998, at the time of his plea, the trial court advised Carrillo in conformance with Penal Code section 1016.5 as follows: "Do you understand that if you are not a citizen of the United States a conviction of the offense with which you've been charged may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (Undesignated statutory references are to the Penal Code.) Carrillo indicated that he understood the advisement. Carrillo successfully completed probation and has not had any further arrests or convictions.

In 2011, Carrillo received a notice to appear from the United States Department of Homeland Security informing him that he was subject to removal from the United States as a result of his conviction. Carrillo filed a motion in the trial court to vacate the judgment arguing that he was not adequately informed by the court of the potential immigration consequences of the plea in violation of section 1016.5. Attached to the

2

motion were portions of defense counsel's file which indicated that defense counsel knew that deportation was important to Carrillo, that counsel believed settlement of the case was unlikely due to Carrillo's immigration status, and that the no contest plea was Carrillo's "best bet not to be deported."

The trial court ultimately denied the motion to vacate the judgment, finding that Carrillo was properly advised pursuant to section 1016.5 and that the court was not required to give additional advisements beyond the statutory requirements. It also concluded that any possible deficiency in the performance of counsel would not have changed the result as Carrillo knew the effect of his plea on his immigration status, "but had few, if any, attractive options" because he was caught transporting almost 100 pounds of marijuana, he confessed to receiving money for his work and suspected that he was transporting marijuana or cocaine.

Carrillo timely appealed and obtained a certificate of probable cause.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. He presented no argument for reversal, but asked this court to review the record for error as mandated *Wende*. Under *Anders*, he listed as possible but not arguable issues, whether trial court abused its discretion in denying his: (1) statutory motion to vacate his no contest plea because the trial court failed to advise him of the immigration consequences as required by section 1016.5; and (2) non-statutory motion to vacate his no contest plea because trial counsel was ineffective in failing to advise him of

3

the immigration consequences.  We granted Carrillo permission to file a brief on his own behalf.  He has not responded.

Our review of the record pursuant to *Wende*, including the possible issues listed by counsel pursuant to *Anders*, has disclosed no reasonably arguable issues on appeal. Competent counsel has represented Carrillo on this appeal.

## DISPOSITION

The order is affirmed.


McINTYRE, J.

WE CONCUR:


NARES, Acting P. J.


AARON, J.